UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGIA ANGELA HUNTER, | ) | |
| o/b/o A.N.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case number 4:10cv0161 TCM |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is a 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), terminating the supplemental security income benefits ("SSI") previously awarded the daughter of Georgia Angela Hunter ("Plaintiff") under Title XVI of the Act, 42 U.S.C. § 1381-1383b. Pending is Plaintiff's motion for appointment of counsel and the Commissioner's unopposed motion to remand.

Plaintiff's daughter (A.N.H.) was born on December 24, 1988, and had been awarded benefits pursuant to an SSI application filed in November 2004. (R.[1] at 11.) That determination was revisited when A.N.H. became 18 years old. (Id.) It was then decided that she was no longer disabled, and her SSI was terminated. (Id.) The Administrative Law

---

[1]"R" refers to the administrative record filed by the Commissioner.

Judge ("ALJ") upheld the termination after a hearing at which A.N.H., represented by counsel, testified. (Id. at 11-18, 151-85.) The ALJ decided that A.N.H. had a bipolar disorder but did not have an impairment, or combination of impairments, that were of listing-level severity. (Id. at 13.) The Appeals Council denied Plaintiff's request for review, thereby adopting the ALJ's adverse decision as the final decision of the Commissioner. (Id. at 2-5.)

Plaintiff then filed the instant action pro se, alleging that her daughter's benefits were improperly terminated without testimony by a vocational expert ("VE"). After filing the transcript of the administrative proceedings, the Commissioner moves for remand pursuant to sentence four of § 405(g). Specifically, the Commissioner requests a remand in order to direct the ALJ to (a) further evaluate the severity of Plaintiff's mental impairments and their impact on her residual functional capacity, (b) obtain testimony from a VE, and (c) resolve any conflicts between that testimony and the Dictionary of Occupational Titles.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added).

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**. [Doc. 20]

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  19th  day of July, 2010.